No. 33,863

THE CITY OF HARPER, *Appellee,* v. W. G. FINK et al., as Tax Commissioners of the State of Kansas, and H. RAY RUTHERFORD, as County Clerk of Harper County, *Appellants.*

(80 P. 2d 1080)

Opinion filed July 9, 1938.

D. C. Hill, of Wamego, *Donald Muir*, of Anthony, and *Guy Neal*, of Harper, for the appellants.

*Martin S. Hall*, of Harper, for the appellee.

*Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler*, all of Wichita, as *amici curiae*.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding in mandamus to compel the taxing authorities to strike from the tax rolls of Harper county certain real estate claimed to be exempt from taxation. The writ was allowed, and defendants appeal.

The plaintiff is a city of the second class under the statutes of this state. One F. E. Bollman, a resident of Harper county, died October 2, 1934, leaving a last will which was duly admitted to probate. The ninth paragraph of the will provided:

*"Ninth:* I give, devise and bequeath to the city of Harper, Kan., the southeast quarter of section 4, township 32, range 7, Harper county, Kansas, the income from which shall be placed in the cemetery fund of the city of Harper, Kan., for the purpose of maintaining said cemetery and endowing both my lot and the lot of my father and mother. Should the city of Harper desire, through proper proceedings, to dispose of said quarter section of land and invest the proceeds in government bonds of the United States, then it is my will and I do hereby grant said city such authority, it being my wish that none of the principal shall ever be used for any other purpose than to be invested, but that the earnings from said investment may be used for the care and upkeep of said cemetery."

It is not necessary that we fully review the motion for the writ, the alternative writ and the answers of the respective defendants. There was no dispute of facts. The motion for the writ and the alternative writ alleged the facts with reference to the Bollman will, the acceptance of the gift by the city; that during its ownership by the city the real estate had been assessed and carried on the tax rolls; that proper steps had been taken to have it stricken from the tax rolls as exempt property and such relief denied by all the defendant taxing authorities.

The answers denied the right of the city to accept the property, that the property was used for cemetery purposes, or that the city was the exclusive and absolute owner of the property, and alleged that to exempt the property from taxation would be contrary to and in violation of the provisions of article 11, section 1, of the state constitution. It was affirmatively alleged, also, that the real estate

was used for general farming purposes, and that the city, if it had any title, was only trustee of a charitable trust to use the property, or the income derived from its sale, for cemetery purposes.

The journal entry of judgment showed the trial court considered the pleadings filed and the agreed statement of facts, and that the plaintiff was entitled to judgment. The abstract contains no statement of agreed facts, but it seems undisputed that before this action was filed the city had, presumably out of income, endowed the lots of the testator and his parents, and that the entire income was being devoted to maintaining the cemetery generally.

The sole question presented by the appellants is whether under the will the city acquired such title to the real estate that it is exempt from taxation.

Under article 11, section 1, of our constitution it is provided the legislature shall provide for a uniform and equal rate of taxation, that certain property (of a class not here involved) may be classified, and further that—

"All property used exclusively for . . . municipal . . . educational, . . . benevolent and charitable purposes . . . shall be exempted from taxation."·

Appellants contend that in the above constitutional provisions the word "exclusively" appears and before any property belonging to a city can be held exempt from taxation, such property must be so used. In support of that contention they cite *Washburn College v. Comm'rs of Shawnee Co.*, 8 Kan. 344; *Vail v. Beach*, 10 Kan. 214; *St. Marys College v. Crowl, Treasurer, &c.*, 10 Kan. 442; *Stahl v. Educational Ass'n*, 54 Kan. 542, 38 Pac. 796; and *Mason v. Zimmerman*, 81 Kan. 799, 106 Pac. 1005. In each of those cases a person or private corporation, as distinguished from a public corporation, claimed exemption on the ground the property sought to be exempted was *used exclusively* for educational or charitable purposes. Were that the sole test, perhaps the land would be subject to taxation. But it has been repeatedly held that while the constitution provides that certain property shall be exempt from taxation, it does not declare that the legislature may not provide for other exemptions. Among other decisions so holding are: *Francis, Treas., v. A. T. & S. F. Rld. Co.*, 19 Kan. 303, 311; *Sumner County v. Wellington*, 66 Kan. 590, 593, 72 Pac. 216; *Wheeler v. Weightman*, 96 Kan. 50, 59, 149 Pac. 977; *State, ex rel., v. Joslin et al.*, 116 Kan. 615, 617, 227 Pac. 345; *Gunkle v. Killingsworth*, 118 Kan. 154, 156,

233 Pac. 803; *Alpha Tau Omega v. Douglass County Comm'rs*, 136 Kan. 675, 684, 685, 18 P. 2d 573; and *State, ex rel., v. Smith*, 144 Kan. 570, 572, 61 P. 2d 897.

Our statute on taxation, G. S. 1935, 79-201, provides:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . . *Sixth:* All property belonging exclusively to any . . . city . . . except lands bid off for counties or cities at tax sales."

The exception does not apply here. The statute, insofar as the above provision is concerned, is the same as appears in G. S. 1868, chapter 107, section 3. And a substantially similar provision was made by Laws 1860, chapter 114, section 5, appearing as chapter 197, section 5, Compiled Laws 1862. Under the act with reference to cities of the second class, G. S. 1935, 14-1001, it is provided:

"All lands, houses, moneys, debts due the city, and property and assets of every description belonging to any city or municipal corporation under this act, shall be exempt from taxation."

Identical language may be found with reference to cities of the third class, G. S. 1935, 15-1101, and a very similar provision as to first-class cities is G. S. 1935, 13-1406. Under these statutes, ownership rather than exclusive use is the test of exemption from taxation. It would thus appear that if the city had the right to acquire the real estate in question, and it belonged to the city, it would be exempt from taxation.

With respect to cities of all classes, our statute (G. S. 1935, 12-101) provides that each city shall have the right to "receive, by bequest or gift, and hold, real and personal property for the use of the city."

Under G. S. 1935, 12-1401, any city may establish or acquire a cemetery for public use, and under G. S. 1935, 12-1408, 12-1409, cities of the second or third classes are empowered to establish cemetery endowment funds and to receive subscriptions. There can be no doubt as to the power of the city to receive and hold the lands for the purposes indicated in the will. Neither can there be any doubt that under the terms of the will the title to the real estate was vested in the city of Harper. Although the answers alleged a trusteeship had been created by the will, the claim is not stressed in appellant's brief. It has been observed that the endowment mentioned in the will has been created and the entire income

from the property is now being used for cemetery purposes. Under such circumstances the matter would seem to be controlled by *Schnack v. City of Larned*, 106 Kan. 177, 186 Pac. 1012, where it was held:

"Where the entire annual income of a residuary estate is devised in perpetuity to a city for a public purpose, the legal effect of such a devise operates as a grant to the city of the entire estate, with limitation only as to its use." (Syl. ¶ 2.)

We conclude that G. S. 1935, 79-201, *Sixth*, and G. S. 1935, 14-1001, were proper exercises of the legislative power with respect to taxation, and that under either statute the property devised to the city of Harper by Mr. Bollman belonged to the city and was therefore exempt from taxation, and that the trial court properly allowed the writ of mandamus.

The judgment of the trial court is affirmed.