No. 44,566

The City of Arkansas City, Kansas, and The City of Winfield, Kansas, Municipal Corporations of the 2nd Class, *Appellants,* v. The Board of County Commissioners of Sumner County, Kansas; Ronald F. Dwyer, County Clerk and Ex-officio County Assessor of Sumner County, Kansas, and Glen McMillan, County Treasurer of Sumner County, Kansas, *Appellees.*

(420 P. 2d 1016)

Opinion filed December 10, 1966.

*W. R. Mathews,* of Winfield, argued the cause and *Lawrence E. Christenson* and *Marion P. Mathews,* also of Winfield, were with him on the brief for appellants.

*Charles E. Watson,* of Wellington, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: This is an action to recover taxes paid under protest and for injunctive relief from further taxation.

Plaintiff landowners have appealed from an adverse judgment.

The facts are not in dispute.

In 1948, by a deed not shown in the record, the United States of America conveyed a half section of land situated in Sumner county to the City of Arkansas City and the City of Winfield as tenants in common. (At oral argument of this appeal it was stated that during World War II the land in question was used for a military

air field.) In 1952 the cities—hereafter referred to as plaintiffs—executed oil and gas leases covering the land. Production was obtained, and plaintiffs received their one-eighth royalty interest. The moneys so received were commingled with other municipal revenues and were used for various and sundry purposes with the consent of the United States of America.

In force during the foregoing period—and for some years thereafter—were G. S. 1949, 14-1001, which provided—

"All lands, houses, moneys, debts due the city, and property and assets of every description *belonging* to any city or municipal corporation under this act, shall be exempt from taxation, execution and sale." (Emphasis supplied.)

and G. S. 1949, 79-201 which, in material part, provided—

"That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . . *Sixth.* All property *belonging exclusively* to any county, city, town or school district, except lands bid off for counties or cities at tax sales." (Emphasis supplied.)

In *City of Harper v. Fink*, 148 Kan. 278, 80 P. 2d 1080, it was held that under those statutes the test of whether real estate belonging to a city is exempt from taxation was *ownership*, and not use.

In 1963, however, both statutes were amended.

K. S. A. 14-1001 now reads:

"All lands, houses, moneys, debts due the city, and property and assets of every description belonging to any city or municipal corporation under this act, shall be exempt from taxation, execution and sale: *Provided,* That if any of such lands, houses, or other property or assets are *leased,* loaned or otherwise made available to any person, firm or corporation for *use* in any trade or business or commercial enterprise, such property so leased, loaned or otherwise made available shall *not* be exempt from taxation for and during the term or terms thereof, . . ." (Emphasis supplied.)

K. S. A. 79-201, as material, reads:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . . *Sixth.* All property *belonging* to and *used exclusively* by the state or any municipality or political subdivision of the state, except lands bid off for counties or cities at tax sales: *Provided,* That if any of such property is *leased,* loaned or otherwise made available to any person, firm or corporation for *use* in any trade, business or commercial enterprise, such property so *leased,* loaned, or otherwise made available shall *not* be exempt from taxation, for and during the term or terms thereof, . . ." (Emphasis supplied.)

In 1964, pursuant to the 1963 amendments—and also pursuant to K. S. A. 79-330 and 331, which provide the formula for taxation of oil and gas properties—the defendant taxing officials of Sumner

county placed plaintiffs' one-eighth landowner's royalty interest on the tax rolls.

Relief was denied by the State Board of Tax Appeals. Plaintiffs then brought this action and, as stated, the trial court upheld the imposition of the tax—hence this appeal.

It is stipulated that the land in question is not—within the purview of other portions of K. S. A. 79-201—a municipal airport, a swimming pool, or any of the other exceptions enumerated.

The parties state the sole question is whether the act of plaintiffs in leasing the land for oil and gas purposes and receiving royalty payments attributable to their one-eighth landowner's royalty, constituted a leasing, loaning or otherwise making such property available to any person, firm or corporation for use in any trade, business or commercial enterprise, within the purview of the first proviso of the sixth subsection of K. S. A. 79-201, above.

The former statute (G. S. 1949, 79-201) exempted from taxation all property *belonging exclusively* to any city. The 1963 amendment states that all property *belonging* to and *used exclusively* by any city is exempt from taxation—provided that if any of such property is *leased* or otherwise made available to any person, firm or corporation for *use* in a trade, business or commercial enterprise, such property thereby *loses* its exemption from taxation. In other words, the former concept of *ownership* as the test for exemption is no longer the rule. *Use* is now the important factor. By virtue of the oil and gas leases executed by plaintiff cities, their interest in the land was made available to the lessee for *use* in a trade, business or commercial enterprise and, under the statute, it thereby lost its exemption from taxation. Further discussion of the matter would add nothing to this opinion. The decision of the trial court denying relief was correct, and the judgment is affirmed.