(613 P.2d 400)
No. 51,675

STATE OF KANSAS, *Appellee,* v. IRA E. PRAY, *Appellant.*

Opinion filed July 11, 1980.

*Doyle Eugene White, Jr.,* of El Dorado, for the appellant.

*Richard Sanborn,* legal intern, *Geary N. Gorup,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: Defendant was charged in the District Court of Butler County with impeding the normal flow of traffic, contrary to K.S.A. 8-1561(*a*). Following trial to the court, defendant was found guilty as charged and has appealed. The stipulated facts are:

"The facts would show that on the day in question the defendant, Ira E. Pray, was driving a combine east of Augusta in Butler County, Kansas, and that approximately 6½ miles east of Augusta on U.S. Highway 54, Highway Patrolman Charles Hanna came up behind the combine. The evidence would include that there were some thirteen cars behind the combine in addition to the Highway Patrol vehicle. The estimated speed of the combine was 12 to 15 miles per hour; the Highway Patrolman followed the combine for approximately two miles before he pulled the driver of the combine over and arrested him for impeding the flow of traffic under K.S.A. 8-1561(a).

"The defense evidence would indicate that the defendant was preparing to pull over to the side of the road to allow the following traffic to pass him just as the trooper pulled him over. It was the trooper's opinion that during the two miles which he had followed the combine there were at least two or three spots which would have permitted the defendant to have pulled over to allow the accumulating traffic to pass. The defendant acknowledged that he was in route to Eureka, Kansas, some forty to fifty miles from the location of his arrest. He intended to drive the entire distance in his combine."

The sole issue on appeal is whether the evidence is sufficient to support the conviction.

K.S.A. 8-1561(*a*) provides:

"No person shall drive a motor vehicle at such a slow speed as to impede the

normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

This is a penal statute and as such must be strictly construed in favor of persons sought to be subjected to its operation. Ordinary words are to be given their ordinary meaning and the statute is not to be read so as to add to or subtract from that which is readily found therein. *State v. Floyd,* 218 Kan. 764, 544 P.2d 1380 (1976); *State v. Bishop,* 215 Kan. 481, 524 P.2d 712 (1974); *State v. Chance,* 4 Kan. App. 2d 283, 604 P.2d 756 (1980). Other relevant principles of statutory construction were recently stated in *Wachholz v. Wachholz,* 4 Kan. App. 2d 161, 162-163, 603 P.2d 647 (1979).

Although we have found no authority which provides direct assistance in resolving the issue here presented, one case does construe the forerunner of K.S.A. 8-1561(*a*). In *Angell v. Hester,* 186 Kan. 43, Syl. ¶ 7, 348 P.2d 1050 (1960), the Supreme Court stated:

"The prohibition against slow-moving traffic on a highway pursuant to G.S. 1949, 8-534, is not limited in its application only to situations where traffic is approaching from the opposite direction. The statute enjoins any slow-moving traffic which would result in hazard to life, limb or property, regardless of whether the traffic it impedes be approaching from the front or rear, or from both directions."

Defendant relies on K.S.A. 8-1717(*e*)(1) which defines "slow-moving vehicles" and (*h*)(1) which requires that the vehicle be equipped with a slow-moving vehicle emblem for operation on a highway. Whether defendant's combine was equipped as provided by 8-1717(*h*)(1) is not shown by the stipulated facts of this record. In any event, under the facts of this case such would not affect the operation of 8-1561(*a*).

In a criminal action where it is contended the evidence at trial was insufficient to sustain a conviction, the standard on review is whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient to convince the appellate court that a rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Peoples,* 227 Kan. 127, 605 P.2d 135 (1980); *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979).

The fact that defendant's combine is a motor vehicle within the meaning of 8-1561(*a*) is not challenged. Clearly, defendant had the right to move his combine along U.S. Highway 54 and to do so at a speed necessary for the safe operation of the machine.

However, it is apparent from the language of the statute that in doing so he was not to impede the normal and reasonable movement of traffic along that highway. The stipulated evidence reveals that at the time the highway patrolman arrived, defendant was driving his combine approximately 12-15 miles per hour. Clearly, a combine is a slow-moving vehicle and perhaps it was being operated at the maximum speed for safe operation. However, some thirteen cars were lined up behind defendant's combine and, over the two-mile stretch of highway the patrolman followed the combine, there were two or three opportunities to move the combine to the side of the road in order that accumulated traffic might pass. Whether defendant's failure to do so impeded the normal and reasonable movement of traffic presented a question for the trier of fact. There was ample evidence from which a rational fact finder could have found defendant guilty beyond a reasonable doubt.

Affirmed.