THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMNER *et al.* v. THE CITY OF WELLINGTON, KAN.

No. 13,033.  (72 Pac. 216.)

SYLLABUS BY THE COURT.

TAXATION — *Water-works Owned by City Exempt.* A water-works plant owned and operated by a city is exempt from taxation; and the fact that water is furnished by the city to citizens and other consumers at prescribed rentals does not affect the exemption.

Error from Sumner district court; W. T. McBRIDE, judge. Opinion filed April 11, 1903. Affirmed.

*Emera E. Wilson*, county attorney, and *Ready & Ready*, for plaintiffs in error.

*J. S. Dey*, and *C. E. Elliott*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The officers of Sumner county undertook to levy and impose taxes on a water-works plant owned by the city of Wellington.   Originally the city granted to C. W. Hill, and his assigns, upon certain conditions, the right to construct and maintain water-works for the purpose of providing the city and its inhabitants with water.   Under the franchise so granted the plant was constructed, and it was operated as a private enterprise for several years, when it was purchased by the city.   Since that time the plant has been operated by the city, and, in addition to supplying water to the public buildings and places of the city, and also for fire protection, it furnishes to the people, at fixed charges, water for domestic purposes, and to private and public corporations for their needs, at prescribed rentals.   The plant is located partly within, and partly without, the corporate boundaries of the city, and consists of both real and personal property of the value of about $50,000.   The questions in the case are raised upon the pleadings, and the turning-point is whether a water-works plant owned and operated by a city is, under the constitution and laws, exempt from taxation.

Under the statute, a city of the second class, in which Wellington belongs, has full power "to purchase, procure, provide . . . water-works . . . for the purpose of supplying such cities and the inhabitants thereof with water . . . for domestic use and any and all other purposes." (Gen. Stat. 1901, § 1017.)   There was undoubted legislative authority for the city to municipalize the plant.   The supplying of water to the inhabitants, while not strictly a governmental function, so much affects the health

and welfare of the people as to be closely akin to it. The plant was purchased with public funds ; it is operated by the public officers and agents ; and rentals derived from its operation go into the public treasury and are expended for the public benefit. The ownership and the purpose being public, there are good reasons why the property should be exempted from taxation. It is inconsistent with our theory of government to place a tax or burden upon one of the instrumentalities of government, and thus to impede its operation, and in some jurisdictions immunity from such taxation has been adjudged where there were no express constitutional or statutory exemptions. (12 A. & E. Encycl. of L., 2d ed., 368.) In our state the legislature has unequivocally declared that all property belonging exclusively to the United States, the state, and to any county, city, township, or school district, shall be exempted from taxation. (Gen. Stat. 1901, § 7504.) This statute only reenforces and confirms the general principle that the instrumentalities of government shall be exempt from taxation, and it in effect declares that neither the state nor any of its subdivisions shall tax itself to raise money for itself. The statute makes public ownership of property the ground of immunity from taxation, and as the plant in question is absolutely owned by the city it is strictly within the terms of that exemption.

As against this view it is argued that the statute is in conflict with the following constitutional provision :

"The legislature shall provide for a uniform and equal rate of assessment and taxation ; but all property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, and personal property to the amount of at least two hundred dollars for each family, shall be exempted from taxation." (Const., art. 11, § 1.)

It will be noticed that the provision quoted does not require that all property in the state shall be taxed, but does provide that all which is subject to taxation shall be assessed and taxed at a uniform and equal rate.   Certain exemptions are therein prescribed which the legislature cannot ignore; but it does not forbid the exercise of the inherent power of the legislature to exempt property from taxation when in its judgment it may conduce to the public welfare.   In *Francis, Treas., v. A. T. & S. F. Rld. Co.*, 19 Kan. 303, 311, and in *Comm'rs of Ottawa Co. v. Nelson*, 19 id. 234, 237, 27 Am. Rep. 101, it was in effect said that the constitution does not in terms prohibit the exemption of property not therein enumerated, nor provide that no property shall be exempt, except such as is named in that section; and that it actually contains an implication that power exists to make exemptions beyond those expressly enumerated.   Our constitution limits, rather than confers, power, and, hence, we look to it to see what it prohibits, instead of what it authorizes. Unless the sovereign power of taxation, which includes the power to make exemptions, is actually prohibited by the constitution it may be exercised by the legislature.   In the absence of constitutional restrictions, the general rule is that the legislature has full power to grant exemptions from taxation, and, there being no such limitation, we cannot say that property like that in question, owned by a city, may not be exempted by the legislature.

If use, rather than ownership, were applied as the test to the right of exemption, the result would be the same.   The fact that, in establishing and carrying on a system of water-works, the city furnishes water to citizens and consumers for rental charges, does not make it a mere business enterprise, nor does it af-

38—66 KAN.

fect the exemption. (*Town of West Hartford v. Board of Water Commissioners*, 44 Conn. 360.) The earnings derived from the water furnished for domestic use and to consumers is, as we have seen, paid into the city treasury, and used in carrying on the city government, and thus inures to the benefit of the people of the municipality. We think that the trial court reached a correct conclusion, and its judgment will be affirmed.

All the Justices concurring.