(892 P.2d 915)
No. 72,031
No. 72,032

STATE OF KANSAS, *Appellee*, v. LONNIE R. PORTING, *Appellant*.

Opinion filed April 7, 1995.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Timothy J. Chambers*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GREEN, P.J., BRAZIL, J., and D. KEITH ANDERSON, District Judge, assigned.

BRAZIL, J.: Lonnie Porting appeals from a trial court determination that he is not eligible for sentence conversion under the Kansas Sentencing Guidelines Act. He contends the trial court lacked jurisdiction to consider the State's objection to the Department of Corrections' (DOC) determination regarding Porting's criminal history. We affirm.

In May 1990, following his plea of guilty to burglary in one case and plea of no contest to aggravated failure to appear in a

second case, Porting received sentences of one to five years and one to two years, with the sentences to run consecutively. On September 22, 1993, the DOC issued a sentencing guidelines report showing that Porting had no prior convictions and determining that Porting was eligible for conversion of his sentence under the guidelines. On October 19, 1993, the State filed an objection to the criminal history score contained in the sentencing guidelines report, and a hearing was scheduled for December 9, 1993. The State appeared at the scheduled hearing by the Reno County Attorney, but Porting's counsel did not appear, and the trial court continued the matter to January 13, 1994.

At the hearing on January 13, 1994, the State introduced a journal entry from a prior case showing that Porting had convictions on three counts of aggravated assault. In a journal entry filed on March 15, 1994, the trial court ruled that Porting was not eligible for conversion of his sentence under the guidelines due to his three prior convictions for aggravated assault.

K.S.A. 1994 Supp. 21-4724(d)(3) provides that, in the event a party requests a hearing regarding conversion of a sentence under the sentencing guidelines pursuant to K.S.A. 1994 Supp. 21-4724(d)(1), "the court shall schedule and hold the hearing within 60 days after it was requested and shall rule on the issues raised by the parties within 30 days after the hearing."

Porting argues that because the trial court conducted the conversion hearing on January 13, 1994, more than 60 days after the State filed its request for a hearing, the trial court lacked jurisdiction to consider the State's objection to the DOC's determination regarding Porting's criminal history. Porting also notes that the journal entry in the case was not filed within 30 days of the hearing as required by K.S.A. 1994 Supp. 21-4724(d)(3). Consequently, he argues his sentence should have been converted by the DOC under K.S.A. 1994 Supp. 21-4724(d)(1).

The issue presented is one of statutory interpretation. Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). This court exercises unlimited review over questions of law. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

"Whether language in a statute is mandatory or directory is to be determined on a case-by-case basis and the criterion as to whether a requirement is mandatory or directory is whether compliance with such requirement is essential to preserve the rights of the parties. *Griffin v. Rogers*, 232 Kan. 168, 174, 653 P.2d 463 (1982). In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system, and dispatch of the public business, the provision is directory. Factors which would indicate that the provisions of a statute or ordinance are mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance. *Paul v. City of Manhattan*, 212 Kan. 381, Syl. ¶¶ 1, 2, 511 P.2d 244 (1973)." *State v. Deavers*, 252 Kan. 149, 167, 843 P.2d 695 (1992), *cert. denied* 125 L. Ed. 2d 676 (1993).

The fact that K.S.A. 1994 Supp. 21-4724(d)(3) contains the word "shall" is not dispositive. Kansas courts have read "shall" to mean "may" where the context requires. *Paul v. City of Manhattan*, 212 Kan. 381, 385, 511 P.2d 244 (1973).

In *Baier v. State*, 197 Kan. 602, 419 P.2d 865 (1966), a defendant argued that the trial court lost jurisdiction over the case because the arraignment did not follow the arrest within the required period of time. The Supreme Court stated that "it does not follow that the court thereby lost jurisdiction. Indeed, the statute provides for no such consequence in the event of its breach [citation omitted], and we know of no authority requiring such a drastic result." 197 Kan. at 607. In *State v. Fink*, 217 Kan. 671, 676, 538 P.2d 1390 (1975), the court stated that "a legislative enactment which does not expressly provide for discharge or dismissal, if not complied with, has been construed as merely directory." The court has also remarked that "[a] legislative enactment providing for a speedy trial, with no sanction for failure to comply with the mandate, is generally construed as directory." *State v. Clark*, 222 Kan. 65, 68-69, 563 P.2d 1028 (1977).

Applying the foregoing principles we conclude that the provisions of K.S.A. 1994 Supp. 21-4724(d)(3) are directory and not mandatory. Strict compliance with K.S.A. 1994 Supp. 21-

4724(d)(3) is not essential to preserve a defendant's substantial rights or the validity of the proceedings. Rather, the provision fixes a mode of proceeding and a time within which an official act is to be done, thereby securing order, system, and dispatch of the public business, namely conversion of sentences under the sentencing guidelines. There are no negative words requiring that the trial court conduct such hearings and issue its orders in no other manner or at no other time than that designated. Finally, there is no provision that failure to comply with K.S.A. 1994 Supp. 21-4724 will result in dismissal, discharge, or any other consequence.

The original hearing regarding conversion of Porting's sentence was scheduled for December 9, 1993, within 60 days of the State's request for a hearing. The trial court continued the matter until January 13, 1994, only because defense counsel failed to appear. Because the provisions of K.S.A. 1994 Supp. 21-4724(d)(3) are merely directory and not mandatory, the trial court did not lose jurisdiction to determine whether Porting was eligible for conversion of his sentence pursuant to K.S.A. 1994 Supp. 21-4724(d).

Affirmed.