No. 71,136

STATE OF KANSAS, *Appellee*, v. RONALD RANDALL, *Appellant*.

(894 P.2d 196)

Opinion filed April 21, 1995.

*Hazel Haupt*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a jurisdiction case arising from the application of the Kansas Sentencing Guidelines Act, K.S.A. 1994 Supp. 21-4701 *et seq.* Ronald Randall appeals from the district court's dismissal of his pro se motion for conversion to a guidelines sentence under the retroactivity provision of the Act. The district court held that it did not have jurisdiction to review the motion, reasoning that Randall should have sought relief under K.S.A. 60-1507 (motion attacking sentence) or K.S.A. 60-1501 (writ of habeas corpus).

Randall's motion raises only questions of law. Our standard of review is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823

P.2d 782 (1991). Although we hold the district court had juris-
diction, we need not remand for the district court to consider the
merits of Randall's motion. We construe Randall's motion as a
properly filed 60-1507 motion and dispose of it on the merits
under *Chiles v. State*, 254 Kan. 888, 869 P.2d 707, *cert. denied*
115 S. Ct. 149 (1994).

## Facts

In May 1979, a jury found Randall guilty of aggravated robbery,
K.S.A. 21-3427. His conviction was affirmed on appeal. *State v.
Randall*, No. 51,191, unpublished opinion filed June 14, 1980.
Randall remains incarcerated.

The Kansas Sentencing Guidelines Act took effect on July 1,
1993. The Act was made retroactive for a limited class of "less
serious" prior offenders. See K.S.A. 1994 Supp. 21-4724; *Chiles*,
254 Kan. at 901.

Randall filed a pro se "motion for hearing regarding conversion
of sentence under Kansas Sentencing Guidelines Act." The mo-
tion stated it was "pursuant to [K.S.A. 1994 Supp. 21-4724] and
objects to the Sentencing Guidelines Report prepared by the Sec-
retary of Corrections." Randall requested retroactive conversion
to a guidelines sentence, which would make him eligible for re-
lease. He contended that the legislature intended retroactivity to
apply to him or, alternatively, that equal protection rules required
it. He further contended that the Department of Corrections
(DOC) erred in computing his criminal history. He did not allege
any error in the DOC's assessment of the applicable severity level
for his 1979 crime.

Randall filed his motion in Wyandotte County, where he had
been convicted and sentenced. The motion was docketed and set
for hearing, and counsel was appointed. When Randall's motion
came on for hearing, the district judge explained that he had no
"court file" for Randall and he "didn't know what to do with the
case."

The State explained that Randall's 1979 crime, aggravated rob-
bery, would be a severity level 3 crime, K.S.A. 1994 Supp. 21-
3427, if he was sentenced under the guidelines. That fact, alone,

excluded Randall from the pool of inmates eligible for retroactivity under K.S.A. 1994 Supp. 21-4724(b)(1). Thus, while the DOC notified Randall (through a "notification of findings," presumably, but no such notice is in the record) that he was ineligible for conversion—prompting Randall's motion—the DOC was not required by statute to issue Randall a "sentencing guidelines report" under K.S.A. 1994 Supp. 21-4724(c)(1). Counsel for Randall confirmed that the DOC had not issued a sentencing guidelines report in the instant case.

The State argued that since no sentencing guidelines report had been filed, Randall had no statutory right to file a motion for conversion challenging the DOC's findings or the constitutionality of the guidelines under K.S.A. 1994 Supp. 21-4724(d)(1). Because Randall's motion was styled as a motion under 21-4724(d)(1), the State argued that the district court lacked jurisdiction.

The district court agreed with the State that Randall had no right to file a motion regarding conversion to a guidelines sentence under K.S.A. 1994 Supp. 21-4724(d)(1). The judge concluded Randall's "proper procedural steps would be to bring this pursuant to K.S.A. 60-1501 or 1507." The district court dismissed the motion for lack of jurisdiction.

### Jurisdiction

The issue is whether the district court properly dismissed Randall's motion for lack of jurisdiction or whether it should have construed the motion liberally and exercised jurisdiction. We favor the exercise of jurisdiction in this case. The answer to the jurisdiction issue, however, will have no bearing on the relief Randall seeks. Randall's only substantive contention is that the limited retroactivity provision in the guidelines is unconstitutional. He relies on the arguments addressed and rejected in *Chiles*, 254 Kan. 888. Randall advocates overturning *Chiles*. We are not persuaded by his argument.

K.S.A. 1994 Supp. 21-4724(c)(1) required the DOC to review every inmate as of July 1, 1993, to determine who was eligible for conversion to a guidelines sentence. For inmates deemed eligible, the DOC was ordered to "prepare a *sentencing guidelines*

*report* . . . which shall review and determine what the person's sentence as provided by the [sentencing guidelines] would be as if the crime were committed on or after July 1, 1993." 21-4724(c)(1) (Emphasis added). The legislature required the DOC to send a copy of the report to the inmate, the county or district attorney where the inmate was sentenced, and the sentencing court. 21-4724(c)(1).

After setting a time frame within which the DOC was to "complete and submit to the appropriate parties the *report* on all imprisoned inmates" deemed eligible for conversion, 21-4724(c)(5)-(7), the legislature provided the right to judicial review of DOC reports:

"Within 30 days of the issuance of such *report*, the person who committed the crime and the prosecution officer shall have the right to request a hearing by filing a motion with the sentencing court, regarding conversion to a sentence under the Kansas sentencing guidelines act to be held in the jurisdiction where the original criminal case was filed." K.S.A. 1994 Supp. 21-4724(d)(1). (Emphasis added.)

Under 21-4724(d)(2), the sentencing court would then "determine the applicable sentence as prescribed by the Kansas sentencing guidelines act." Thus, offenders eligible for conversion were provided a specific avenue of judicial review of their sentencing guidelines report. See *State v. Gonzales*, 255 Kan. 243, 247, 874 P.2d 612 (1994) (holding that by authorizing district court review of sentencing guidelines reports, the legislature "implicitly authorized appeal" from the district court's decision).

The legislature provided no similar avenue in 21-4724, however, for inmates deemed *ineligible* for conversion by the DOC after its initial review. Apparently, inmates initially deemed outside the retroactivity pool by the DOC have been issued a piece of paper called a "notification of findings." It does not appear that the DOC has made a standard practice of sending copies of these notification of findings to sentencing courts, as it must when it issues a sentencing guidelines report.

Randall would have fallen into this "ineligible" category. His aggravated robbery conviction is a severity level 3 crime under the guidelines, which disqualifies him from conversion. See K.S.A.

1994 Supp. 21-4724(b)(1). Randall does not dispute that his crime is a severity level 3.

Despite his exclusion from the 21-4724(d) judicial review procedure, Randall, and we understand other inmates deemed ineligible for conversion by the DOC, proceeded to file a motion for conversion in the sentencing court, styled under 21-4724(d). In Randall's case, the district court reached a plausible conclusion under the plain language of 21-4724, holding that it lacked jurisdiction over the motion for conversion because no sentencing guidelines report had been filed. In other cases, however, we understand district courts have reached the merits of motions like Randall's, either missing the technical distinction between whether the appeal originated from a sentencing guidelines report or notification of findings, or declining to view the distinction as jurisdictional.

The district court instructed Randall to request the same relief in the same court by using the 60-1507 motion label. We have previously "converted" mislabeled motions into permissible 60-1507 motions in the interest of judicial economy. See *State v. Bradley*, 246 Kan. 316, 318-19, 787 P.2d 706 (1990) (converting on appeal an untimely motion for new trial based on newly discovered evidence under K.S.A. 22-3501 into a 60-1507 motion). We do so here. We note that the Court of Appeals recently reached the same conclusion. *State v. Mejia*, 20 Kan. App. 2d 890, 894 P.2d 202 (1995).

Mislabeled pro se motions for sentence conversion under 21-4724(d) may be properly viewed as 60-1507 motions. Where district courts overlook the jurisdictional issue entirely, appellate courts can review the merits as if the district court properly exercised jurisdiction under 60-1507. In cases like Randall's, where the district court dismissed for lack of jurisdiction and where the inmate's substantive contention raises purely a question of law, a remand is unnecessary.

We conclude that the district court incorrectly dismissed for lack of jurisdiction. Randall's motion is to be construed as one

under K.S.A. 60-1507. Randall's motion is denied. See *Chiles*, 254 Kan. 888.

Judgment reversed and K.S.A. 60-1507 motion denied.