(936 P.2d 292)
No. 75,433
No. 75,434
No. 75,435

STATE OF KANSAS, *Appellee*, v. WILLIAM W. HARLIN, *Appellant*.

—

Opinion
filed April 18, 1997.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas R. Telthorst*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., RULON and KNUDSON, JJ.

KNUDSON, J.: William W. Harlin appeals the trial court's denial of his motion for conversion of his sentences filed pursuant to K.S.A. 21-4724(d)(1).

On July 20, 1994, the Department of Corrections (DOC) issued a sentencing guidelines report which concluded Harlin was ineligible for conversion of his sentences. On June 6, 1995, Harlin filed the present motion with the district court. The district court denied Harlin's motion because it was filed more than 30 days after the sentencing guidelines report was issued by DOC.

Harlin argues, and the State agrees, that his motion should be construed as a motion pursuant to K.S.A. 60-1507. Both parties contend that the trial court erred in dismissing for lack of jurisdiction, citing *State v. Randall*, 257 Kan. 482, 894 P.2d 196 (1995). *Randall* is distinguishable from the case on appeal. *Randall* provides that a prisoner who receives a notification of findings in lieu of an actual sentencing guidelines report may appeal such a finding although K.S.A. 21-4724(d)(1) refers only to appeals from a guidelines report. The *Randall* court noted if it were to be held other-

wise, an ineligible inmate in such circumstance would be left without access to the district court. 257 Kan. at 485.

Harlin acknowledges receiving a guidelines report and his subsequent failure to file within 30 days thereafter his motion for conversion. Contrary to Randall's dilemma, Harlin was statutorily given 30 days to file a motion for conversion with the district court under K.S.A. 21-4724(d)(1) and simply did not do so in a timely manner.

Consequently, we are confronted with a jurisdictional issue that must be addressed in spite of both litigants assuming jurisdiction exists and requesting remand to the district court for hearing. See *City of Overland Park v. Barron,* 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983).

The issue is whether the provisions of K.S.A. 21-4724(d)(1) are mandatory and, therefore, the district court lacks jurisdiction over Harlin's motion. Separate panels of this court have reached opposite conclusions on this issue in unpublished opinions.

K.S.A. 21-4724 provides in material part:

"(d)(1) Within 30 days of the issuance of [the sentencing report], the person who committed the crime and the prosecution officer shall have the right to request a hearing by filing a motion with the sentencing court, regarding conversion to a sentence under the Kansas sentencing guidelines act to be held in the jurisdiction where the original criminal case was filed. . . .

"(2) In the event a hearing is requested and held, the court shall determine the applicable sentence as prescribed by the Kansas sentencing guidelines act.

"(3) In the event a hearing is requested, the court shall schedule and hold the hearing within 60 days after it was requested and shall rule on the issues raised by the parties within 30 days after the hearing."

We first turn to *State v. Porting,* 20 Kan. App. 2d 869, 892 P.2d 915, *rev. denied* 257 Kan. 1095 (1995), where this court considered whether the time requirements imposed upon the district court in K.S.A. 21-4724(d)(3) were directory or mandatory. Despite the presence of the word "shall," the court held the provision to be directory. 20 Kan. App. 2d at 871. In explanation, the court noted "the provision fixes a mode of proceeding and a time within which an official act is to be done, thereby securing order, system, and

dispatch of the public business, namely conversion of sentences under the sentencing guidelines." 20 Kan. App. 2d at 872.

Clearly, *Porting* is distinguishable from the case at bar. The *Porting* court was interpreting 21-4724(d)(3), not 21-4724(d)(1). Nevertheless, textual integrity of a statute tends to suggest a consistent definition of the verb "shall" would be appropriate. We also believe it unseemly to conclude that an inmate's motion for access to the district court should be denied because "shall" means "shall," but the same verb means only "should" when applied to the court.

As noted by the Supreme Court in *Randall*, in interpreting K.S.A. 21-4724(d), the technical distinction between a sentencing guidelines report and a notification of findings has been largely ignored insofar as affording inmates with access to the courts for consideration of sentence conversion. We are not persuaded there is any compelling reason to circumvent Harlin's access by a construction of 21-4724(d)(1) that is facially at odds with the construction of 21-4724(d)(3).

We conclude that the district court incorrectly dismissed for lack of jurisdiction. Harlin's motion is to be construed as one under K.S.A. 60-1507.

Reversed and remanded.