Delton M. Gilliland Osage County Counselor Osage County Administrator 112 E. 7th Street, P.O. Box 250 Lyndon, Kansas
Dear Mr. Gilliland:
As Osage County Counselor and Administrator, you request our opinion on two issues concerning recreational trails created pursuant to K.S.A. 58-3211 et seq. You note that Osage County is considering spending public funds in order to remove old bridges and build two new bridges on these trails, even though the bridges in question would be on property owned by a private entity. This expenditure of public funds is contemplated because the current bridges are in disrepair and need replacing. You indicate that the two new bridges would serve locations where public roads (one county and one township) cross the trail, and would lie entirely in the former railroad right-of-way now being claimed by a private corporation seeking to sponsor the trails. You state that the roads in question are frequently used by the public for general vehicle travel, including that of personal automobiles, farm trucks, farm machinery, and school buses. Thus, the county believes safe construction of these bridges will benefit the public at large, not just those using the recreational trails.
You ask whether the county may commit public funds for construction of bridges not owned by the county.[1] You also ask whether the county has a mandatory duty to enforce the conditions imposed upon a "responsible party," pursuant to K.S.A.58-3211 et seq.
This Act makes provision for the "Rails to Trails" program authorized by 16 U.S.C. § 1247. Pursuant to this Act, property that was once owned by a railroad, but that is no longer used for that purpose, reverts to the adjacent property owners, unless an interested party comes forward and volunteers to become the "responsible party."[2] A responsible party may obtain title to the property in order to convert it into a recreational trail in accordance with the provisions of applicable federal and state laws. When a private party wishes to create such recreational trails, the public entity authorized to negotiate the conditions for use of the property for that purpose is either a city or a county (depending upon the location of the property in question).
K.S.A. 58-3212(a)(11)(B) requires a recreational trail sponsor (responsible party) to maintain all bridges, roadway intersections and crossings on such trails. The first issue you raise is whether a county may voluntarily assist with paying the costs of such projects.
The powers vested in a board of county commissioners are designed to allow that body to make general business and financial decisions for the county.[3] Pursuant to K.S.A.19-212, county commissioners are generally authorized to make decisions concerning expenditure of public funds:
 "The board of county commissioners of each county shall have the power, at any meeting:
 . . . .
 "Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefor, as provided by law.
 . . . .
 "Sixth. To represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law.
 . . . .
 "Tenth. To enter into contracts with any landowners for the construction and maintenance of underpasses, bridges and drainageways under and across any county road in connection with the locating, opening, laying out, construction or alteration of any county road running across or through such landowner's land, whenever in the judgment of the board of county commissioners such contract is to the best interests of the county. Any such contract entered into by the board of county commissioners shall be binding upon subsequent boards of county commissioners and shall not be terminated without the written consent of said landowner or his heirs or assigns.
 "Eleventh. To contract for the protection and promotion of the public health and welfare.
 . . . .
 "Thirteenth. To perform such other duties as are or may be prescribed by law."
In addition, a board of county commissioners generally may exercise its powers of home rule to determine local affairs in the manner and subject to the limitations provided by the home rule statute and other state laws.[4] K.S.A. 2005 Supp.19-101a[5] provides county commissioners with rather broad home rule authority to make decisions that are not otherwise in conflict with state law.
We have reviewed prior Attorney General Opinions concerning bridge repair and construction issues, and found none on point.[6] Further, prior Kansas Attorney General Opinions reviewing the Rails to Trails Act do not specifically address the questions you raise.[7] We have not located any state statute or federal law specifically prohibiting a county from expending public funds in order to assist in paying for the costs of constructing new bridges over what will become trails operated pursuant to K.S.A. 58-3211 et seq., even if the property in question is not owned by the county.
Courts liberally construe home rule powers to give counties the largest measure of self-government.[8] The decision to expend available unencumbered public funds for the purpose of constructing bridges on trails falling under K.S.A. 58-3211 etseq. appears to be governed by "public purpose doctrine" common law principles. There is no precise definition of what constitutes a valid public use, for which tax dollars may be spent, and what may be considered a valid public use or purpose changes over time.[9] As a general rule, a municipality may authorize appropriation of public money, even for use by for private individuals, as long as appropriation is for public purpose and promotes public welfare.[10] Under this principle and line of case law, the Osage County Commissioners may expend public funds not specifically encumbered for other purposes on any project which they rationally believe will provide the general public with some benefit. The articulated reasons for assisting the rails-to-trails sponsor in building new bridges appear to relate to constructing and keeping bridges (that are open to the general public) safe and useable. This use of public funds appears to serve a valid public purpose. Therefore, insofar as the project promotes a valid public purpose and promotes public welfare, it is our opinion that the Osage County Commissioners may expend lawfully available county funds for the purpose of constructing bridges on rails-to-trails property not owned or operated by the county.
Your second question is whether a county must mandatorily take action if a trail owner does not take proper care of the property. New language was added to K.S.A. 58-3215 in 2006, which sets forth the authority relative to enforcement of the Act.[11] The pertinent statutory language now reads:
 "If the responsible party fails to comply with the provisions of this act, any adjacent property owner, city or county aggrieved by the noncompliance may
bring an action in the district court to enforce the provisions of this act. Upon a finding that the responsible party has failed to comply with the provisions of this act, the court may enter an order requiring the responsible party to comply with the provisions of this act."[12]
The plain language of the statute indicates that any adjacent property owner, or city or county, may bring an action to enforce this Act. The statute does not use the word "must" or "shall." In construing powers vested in statutes as mandatory or discretionary, courts generally consider use of the word "may" to indicate that the decision is committed to the discretion of the party authorized to take the action.[13] Even if the statute in question had used the word "shall" instead of "may" that is not always indicative of legislative intent to mandate action in every available situation.[14] We find nothing in K.S.A. 58-3215, as amended, that requires any of the named entities to take action in situations where it might be allowed or warranted. Rather, such enforcement action appears to be discretionary on the part of the entity making the decision on whether to enforce the Act.
Thus, it is our opinion that counties are not mandatorily required to enforce the provisions of K.S.A. 58-3211 et seq,
but rather may do so when they deem it appropriate and the facts warrant such steps.
Sincerely,
 Phill Kline Attorney General
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] You indicate the intent is to replace these bridges using 80% federal funding from "Surface Transportation program or Bridge Replace (sic) Funds" and 20% of matching from county revenue generated funds. You indicate that the program providing the 80% is administered by the Kansas Department of Transportation, pursuant to K.S.A. 68-402(b) and 68-169, which requires the Department's approval prior to commencing a proposed project. However, you do not specifically identify the sources of all moneys used for the project. Thus, for purposes of this opinion we will assume facts not before us and presuppose that the funds in question are not derived from sources or tax levies specifically restricted for use on projects that fall outside the scope of the proposed bridge construction.
[2] Pursuant to K.S.A. 58-3211(c)a, "[r]esponsible party" means any person, for-profit entity, not-for-profit entity or governmental entity that is responsible for developing, operating or maintaining a recreational trail.
[3] Tri-county Concerned Citizens, Inc. v. Board of CountyCom'rs of Harper County, 32 Kan.App.2d 1168 (2004).
[4] Board of County Comm'rs of Lincoln County v. Nielander,275 Kan. 257 (2003).
[5] As amended by L. 2006, Ch. 192, § 4 and Ch. 207, § 4.
[6] See, e.g., Attorney General Opinions No. 93-46 and2002-40.
[7] See, e.g., Attorney General Opinions No. 98-6 and 98-9.
[8] General Bldg. Contractors, L.L.C. v. Board of ShawneeCounty Com'rs, Shawnee County, 275 Kan. 525 (2003).
[9] State ex Rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, Kan., 265 Kan. 779 (1998).
[10] Duckworth v. City of Kansas City, 243 Kan. 386 (1988);Gunkle v. Killingsworth, 118 Kan. 154 (1925); Ulrich v. Boardof Thomas County Comm'rs, 234 Kan. 782 (1984); LeavenworthCounty Comm'rs v. Miller, 7 Kan. 479 (1871).
[11] As amended by L. 2006, Ch. 178, § 2.
[12] Emphasis added. The previous version of K.S.A. 58-3215
stated: "A city or county may institute procedures for recourse against the responsible party pursuant to 16 U.S.C. 1247 (1983) and 49 C.F.R. 1152.29 (1986) upon the failure of the responsible party to comply with the provisions of this act."
[13] Stevenson v. Robinson, 22 Kan.App.2d 305 (1996); Matzkev. Block, 542 F. Supp. 1107 (D.C. Kan. 1982).
[14] The fact that a statute uses the word "shall" is not dispositive of whether it is mandatory, as "shall" may mean "may" where the context requires it. State v. Porting,20 Kan. App.2d 869 rev. denied (1995).