**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN C. STRONG,

       Petitioner–Appellant,

v.

JOEL HRABE, Warden,

       Respondent–Appellee.

No. 17-3027
(D.C. No. 5:16-CV-03101-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the resolution of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Petitioner Calvin Strong, a Kansas state prisoner appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. A judge of this court granted Petitioner a certificate of appealability on July 10, 2018. Both parties have briefed the question of timeliness, and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Respondent has submitted a supplemental appendix of state court records. We now review de novo the district court's dismissal of the habeas petition as untimely. *See Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003).

Federal habeas claims are subject to a one-year statute of limitations under 28 U.S.C. § 2244(d)(1). However, the federal statute of limitations is tolled while state prisoners seek state post-conviction relief. Specifically, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's state court conviction became final in 1983, and he did not file his federal habeas petition until 2016. He argues, however, that the statute of limitation has been statutorily tolled for the past thirty-five years because the state court has yet to rule on two post-conviction motions he filed in 1983.

The state court docket reflects that the Kansas Supreme Court affirmed Petitioner's conviction in April 1983 and issued its mandate on May 25, 1983. Shortly thereafter, Petitioner filed a pro se document entitled "motion to dismiss" in the state district court, arguing he must be discharged from custody because his speedy-trial rights had been violated. Petitioner signed this motion on June 7, 1983, and it was filed by the state district court on June 20, 1983. A few weeks later, on July 5, 1983, Petitioner filed another pro se motion, this one entitled "motion for supplemental exhibit." This motion began with the following

-2-

paragraph:

> COMES NOW, the Petitioner, Calvin L. Strong, in pro-se in case matter mentioned above, and moves the court to add the additional grounds to the writ motion, habeas corpus action, pursuant to K.S.A. 60-1507, concerning case 81-CR-645, filed in the above court; on or about the 9th or 10th day of June, 1983. That such supplemental exhibit be attached herein to the writ motion, 60-1507 already filed in this court, and placed in the section marked (6-A) to the motion.

(R. at 34.) He then listed six alleged trial errors he wished to challenge under Kan. Stat. Ann. § 60-1507, the Kansas statute which provides a mechanism for state post-conviction review.

The record does not reflect that the state court ever notified Petitioner of any deficiencies in his filings, nor did the court request clarification as to whether his July 5 motion was seeking to add habeas claims to the June 20 "motion to dismiss" or whether it was instead referring to some other motion that might have been misplaced or lost in the mail. The court simply did nothing. There is no indication in the record that the state court ever considered Petitioner's post-conviction motions at all, whether to deny or dismiss them for procedural reasons, to deny any or all of his claims on the merits, or to grant any kind of relief. Rather, it appears that the motions were simply overlooked, and they have apparently remained pending in the state court for more than three decades without ever being addressed or ruled on.

The first question we must resolve in this appeal is which party bears the burden of proof on the question of statutory tolling. Respondent argues that

Petitioner bears the burden of proving statutory tolling of the statute of limitations. However, the only case Respondent cites for support comes from the Ninth Circuit, *see Banjo v. Ayers*, 614 F.3d 964 (9th Cir. 2010), and our precedents support the opposite conclusion. We have repeatedly held that the timeliness of a habeas petition is an affirmative defense, *see, e.g., Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1086 (10th Cir. 2008), and "the burden of proving all affirmative defenses rests on the defendant," *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). In the habeas context, the Supreme Court has recognized one exception to the general rules governing affirmative defenses: "a district court may, on its own initiative, dismiss a facially untimely § 2254 petition, despite the fact that the state had forfeited the timeliness defense by failing to raise it in its answer to the petition." *Kilgore*, 519 F.3d at 1089 (citing *Day v. McDonough*, 547 U.S. 198, 202, 209–10 (2006)). However, this exception to the general rule of forfeiture "does nothing to shift the burden of pleading and demonstrating timeliness onto the petitioner," and thus a habeas petitioner is not required to plead or prove statutory tolling. *Id.* at 1089 & n.4. If untimeliness is not clear from the face of a habeas petition, then the district court may not dismiss the petition as untimely unless the respondent has met its burden of establishing untimeliness as an affirmative defense. *Id.* at 1085. Thus, because the petition in this case is not clearly untimely on its face, Respondent bears the burden of establishing that the petition is untimely under § 2244, including

-4-

§ 2244(d)(2)'s statutory tolling provision.[1]

With this burden of proof in mind, we turn to the question of whether Petitioner is entitled to statutory tolling based on the two motions he filed in the state court shortly after his conviction became final in 1983. Respondent does not dispute that both of these motions have been pending in the state court for the past thirty-five years; rather, Respondent simply argues that neither motion tolled the statute of limitations because neither motion was a "properly filed" motion for state post-conviction relief under § 2244(d)(2).

We begin by considering whether Petitioner's June 20 "motion to dismiss" was a properly filed post-conviction motion for purposes of § 2244(d)(2). Respondent contends this motion was not properly filed for several related reasons. First, Respondent argues that Kansas law only permits motions to

---

[1] Once the affirmative defense of the untimeliness has been established, a habeas petitioner who seeks equitable tolling bears the burden of proving the facts relevant to the equitable-tolling inquiry. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Thus, each party may have the burden of proof at some point in this process. Where untimeliness is not clear from the face of the petition, the state bears the burden of proving the affirmative defense of untimeliness, which necessarily includes the question of whether the habeas petition is timely based on statutory tolling. Once the state has established the affirmative defense of untimeliness under § 2244, a petitioner who seeks equitable tolling bears the burden of establishing the equitable reasons the court should consider the habeas petition despite its statutory untimeliness. Because equitable tolling and statutory tolling arise at different stages of this process, a petitioner's burden of proving equitable tolling should not be misconstrued as requiring a petitioner to plead or prove statutory tolling as well. *See Kilgore*, 519 F.3d at 1089 n.4.

dismiss to be filed before trial, and thus a post-conviction motion to dismiss is untimely. Second, Respondent argues that Kansas district courts have jurisdiction to consider only three types of post-conviction motions after a direct appeal has been docketed: motions for post-conviction relief under Kan. Stat. Ann. § 60-1507, motions to correct illegal sentences under Kan. Stat. Ann. § 22-3504, and motions for a new trial based upon newly discovered evidence under Kan. Stat. Ann. § 22-3501. Petitioner's motion to dismiss did not refer to any of these three post-conviction statutes, and thus, Respondent argues, the district court lacked jurisdiction to consider it. Third, Respondent argues that the motion to dismiss may not reasonably be construed as a permissible post-conviction motion because it is labeled a motion to dismiss and requests dismissal as a remedy, rather than requesting a permissible form of post-conviction relief. Finally, Respondent argues that the speedy-trial claim Petitioner raised in his motion to dismiss may not be raised in any of the three types of post-conviction motions recognized by Kansas courts, and thus a motion based on this claim could not be considered a properly filed post-conviction motion whatever its title and requested relief.

We find none of these arguments to be persuasive. Respondent cites to no statutes or cases which even suggest that a post-conviction motion must contain a specific title, statutory reference, or technically correct request for post-conviction relief in order to be considered a "properly filed" post-conviction motion under Kansas law, and our review of Kansas law leads to the opposite

-6-

conclusion. The Kansas Supreme Court "has a long history of converting mislabeled motions for postconviction relief into 60-1507 motions." *State v. Holt*, 313 P.3d 826, 834 (Kan. 2013). Indeed, the Kansas Supreme Court has held that a state trial court commits reversible error when it dismisses a mislabeled post-conviction motion for lack of jurisdiction rather than construing it as a § 60-1507 motion. *State v. Randall*, 894 P.2d 196, 199–200 (Kan. 1995). In *Randall*, the petitioner filed a motion for conversion of sentence under the Kansas Sentencing Guidelines Act, seeking the conversion of his sentence to a guidelines sentence. *Id.* at 198. The state argued that the district court lacked jurisdiction over this motion because the Sentencing Guidelines Act required such a motion to be filed within thirty days of a sentencing guidelines report being issued, and no sentencing guidelines report had been filed in the case. *Id.* at 198–99. The district court agreed with the state and dismissed the post-conviction motion for lack of jurisdiction. *Id.* at 198. The Kansas Supreme Court held that this constituted reversible error. *Id.* at 200. Even though the petitioner relied on a statute which did not confer jurisdiction on the district court and sought a type of relief that is not described in § 60-1507, the Kansas Supreme Court held that the motion for conversion of sentence should have been construed as a permissible § 60-1507 motion and decided on the merits rather than being dismissed for lack of jurisdiction. *Id.* at 199–200. Other Kansas cases have done likewise. *See, e.g.*, *Holt*, 313 P.3d at 834 (collecting cases).

As for Respondent's argument that Petitioner's motion to dismiss may not be construed as a permissible post-conviction motion because speedy trial claims cannot be raised in a motion under § 60-1507, Respondent provides no persuasive support for this proposition. Respondent relies solely on an unpublished Kansas appellate court case in which the court held that a petitioner had waived his speedy trial claim by failing to show any exceptional circumstances excusing his failure to raise this claim on direct appeal. *See Martinez v. State*, 2012 WL 1237878 (Kan. Ct. App. 2012). However, contrary to Respondent's arguments in this appeal, the court in *Martinez* did not hold that speedy trial claims cannot be raised in a § 60-1507 post-conviction motion. What *Martinez* held is that a petitioner who raises such a claim for the first time in a § 60-1507 motion must show exceptional circumstances to excuse his failure to raise it before. Thus, a speedy trial claim raised for the first time in a post-conviction motion may be procedurally barred if the petitioner fails to show exceptional circumstances. However, the question of whether a claim may be procedurally barred is "quite separate" from the question of whether the post-conviction motion was properly filed, *Artuz v. Bennett*, 531 U.S. 4, 9 (2000), and *Martinez* says nothing about whether a post-conviction motion containing a speedy trial claim is a "properly filed" motion. Moreover, even if *Martinez* could be read as Respondent argues, it would be contradicted by numerous published Kansas opinions permitting a petitioner to raise a speedy trial claim in a post-conviction § 60-1507 motion.

-8-

*See, e.g.*, *Pierson v. State*, 502 P.2d 721 (1972). Thus, the fact that Petitioner raised speedy trial claims in his "motion to dismiss" would not prevent this motion from being construed as a properly filed post-conviction § 60-1507 motion under Kansas law.

Respondent does not present any other arguments as to why Petitioner's June 20 motion would not be considered a properly filed post-conviction motion under Kansas law. Respondent's only argument is that this motion was not a properly filed motion based on its title, the relief it requested, and the speedy trial claim it raised. However, Respondent has not shown that a proper title is a necessary filing requirement under Kansas law; to the contrary, the Kansas Supreme Court has held that the dismissal of a mislabeled pro se motion for lack of jurisdiction constitutes reversible error when the motion can reasonably be construed as a permissible § 60-1507 motion for post-conviction relief. *See Randall*, 894 P.2d at 199–200. Nor has Respondent shown that Petitioner's failure to cite to § 60-1507 means that his motion to dismiss was not a properly filed post-conviction motion, and *Randall* again supports the opposite conclusion. *See id.* Respondent has also failed to present any authorities to support his argument that a post-conviction motion is not properly filed if it requests dismissal of the criminal case as well as discharge of the petitioner from custody. Even if dismissal of the case is not an available remedy under § 60-1507, *Randall* holds that a mislabeled pro se motion requesting unavailable relief should be

recharacterized as a § 60-1507 motion if it can be read as requesting the type of relief available under § 60-1507 (i.e., reversal of a conviction or modification of a sentence). *See id.*; *see also, e.g.*, *State v. Kelly*, 248 P.3d 1282, 1285 (Kan. 2011) (treating a motion to withdraw a guilty plea as a permissible motion for post-conviction relief under § 60-1507). Finally, Respondent has not shown that a post-conviction motion raising a speedy trial claim would be considered improperly filed under Kansas law; to the contrary, Kansas law makes clear that a speedy trial claim may be brought in a post-conviction motion, although such a claim may ultimately be procedurally barred if the petitioner fails to show extraordinary circumstances justifying the failure to raise this claim on direct appeal.

It is undisputed that Petitioner's June 20, 1983, motion has remained pending for the past thirty-five years, since shortly after his conviction was affirmed by the Kansas Supreme Court. Respondent has not presented any persuasive reason as to why this motion would not be considered a "properly filed" motion for post-conviction relief under Kansas law. We therefore reverse the district court's dismissal of the habeas petition as untimely.

In light of this conclusion, we need not resolve the question of whether Petitioner's July 5 "motion for supplemental exhibit" could also be considered a properly filed post-conviction motion for purposes of § 2244(d)(2). We briefly note, however, that this motion sought to raise several claims for relief under

§ 60-1507, and Respondent has not cited to any Kansas statutes or cases which would support the argument that this motion was not a "properly filed" motion for post-conviction relief simply based on its title and its unclear reference to a purported prior § 60-1507 motion.

For the foregoing reasons, we **REVERSE** the district court's dismissal of the habeas petition as untimely and **REMAND** for further proceedings. In so doing, we express no opinion on the merits of this case or on any other potential procedural bars to relief. In light of our remand for further proceedings before the district court, we **DENY** Petitioner's two pending motions to correct and supplement the record on appeal with additional documents primarily relating to the merits of his habeas claims. We express no opinion as to whether Petitioner may file such documents in the district court on remand.

Entered for the Court


Monroe G. McKay
Circuit Judge

-11-